# Federal Defenders
## OF NEW YORK, INC.

Southern District
52 Duane Street-10th Floor, New York, NY 10007
Tel: (212) 417-8700 Fax: (212) 571-0392

David E. Patton
*Executive Director*

*Southern District of New York*
Jennifer L. Brown
*Attorney-in-Charge*

September 17, 2020

**BY ECF**
The Honorable Judge Paul A. Engelmayer
United States District Judge
Southern District of New York
40 Foley Square
New York, NY 10007

**RE:    United States v. Jose Dellon, aka Jose Vellon**
           **20 Cr. 474 (PAE)**

Honorable Judge Engelmayer:

I write in response to the Government's September 15, 2020 letter motion requesting a protective order in the above-captioned case. Over the past several months, the United States Attorney's Office for the Southern District of New York has adopted an aggressive policy seeking protective orders in virtually every case. As Judge Gardephe recently observed, this "appears to be a new policy in search of a problem." *U.S. v. Hoskins*, No. 20 Cr. 399 (PGG), Doc. 15 (S.D.N.Y. Aug. 28, 2020) ("I don't favor a new practice that would chill Federal Defenders' efforts to represent their clients.").

In keeping with this practice, the Government needlessly seeks a protective order here, in a single-defendant, one-count unlawful possession of a firearm case. But the Government has not established good cause for a protective order in this case. *See United States v. Smith*, 985 F. Supp. 2d 506, 523 (S.D.N.Y. 2013) ("Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not support a good cause showing."). Accordingly, the defense respectfully requests that the Court decline to issue a protective order in this case.

**I.    The Federal Rules of Criminal Procedure require the Government to show good cause to obtain a protective order.**

Rule 16 of the Federal Rules of Criminal Procedure "places no express limits on the purposes for which discoverable material can be used." *United States v. Johnson*, 314 F. Supp. 3d 248, 255 (D.D.C. 2018). By default, either party may—within the bounds of the Federal

Rules of Criminal Procedure, the governing Rules of Professional Conduct, and the Local Rules of the Court ("the Rules")—disclose discovery to third parties as necessary to represent its clients' interests.

In limited circumstances, Rule 16 permits the entry of a protective order. Rule 16(d)(1) of the Federal Rules of Criminal Procedure provides, "At any time the court may, for good cause, deny, restrict, or defer discovery or inspection, or grant other appropriate relief." To restrict the defense's access to discovery, the Government bears the burden of establishing good cause for the limitations on disclosure imposed by the order. *See United States v. Wecht*, 484 F.3d 194, 211 (3d Cir. 2007); *Johnson*, 314 F. Supp. 3d at 253 ("Where the defendant objects to the government's proposed method of conducting discovery, however, the burden of showing good cause lies squarely on the government."). This is true even when parties consent to a stipulated order. *Smith*, 985 F. Supp. 2d at 523.

In determining whether "good cause" exists to implement a protective order, courts look to whether the party seeking a protective order has shown that "disclosure will result in a clearly defined, specific and serious injury." *Id.* (quoting *In re Terrorist Attacks on September 11, 2011*, 454 F. Supp. 2d 220, 222 (S.D.N.Y. 2006)) (internal quotation marks omitted); *see also United States v. Concord Mgmt. & Consulting LLC*, 404 F. Supp. 3d 67, 74 (D.D.C. 2019) ("Good cause for a protective order 'is established on a showing that disclosure will work a clearly defined and serious injury to the party seeking closure.'") (internal citation omitted). A finding of sufficient showing "must be based on a particular factual demonstration of potential harm, not on conclusory statements." *Smith*, 985 F. Supp. 2d at 523, citing *United States v. Gangi*, 1998 WL 226196, at *2 (S.D.N.Y. May 4, 1998) (quoting *Anderson v. Cryovac, Inc.,* 805 F.2d 1, 8 (1st Cir.1986)).

**II.    The Government has not met its burden of establishing good cause for its proposed protective order.**

The Government cannot establish good cause for a protective order in this case. In sharp contrast to the complex cases resulting from long-term investigations that frequently involve protective orders, this case—and its resulting discovery—is not complicated. Jose Vellon is charged with violating Section 922(g) of Title 18 of the United States Code, unlawful possession of a firearm. This matter is routine. The entire case, from offense to arrest, occurred in a matter of minutes. There are no civilian complainants, no shots were fired. Mr. Vellon has no co-defendants and no other individuals were arrested in connection with the crime charged. The limited discovery consists of standard NYPD reports and body worn camera footage that captures the alleged offense and subsequent arrest of Mr. Vellon outdoors in public. *See* Gov't Motion at 1. A protective order is simply not warranted here.

The Government bears the burden of establishing good cause for the entry of a protective order. Yet the Government's request for a protective order in Mr. Vellon's case does not even bother to argue that good cause exists for entry of such an order. Instead, the Government merely asserts, absent elaboration, that "[t]he discovery in this case includes material that should not be publicly disclosed, such as body worn camera footage and internal law enforcement reports that

include, among other nonpublic information, personally identifiable information about third parties." *See* Gov't Motion at 1. The Government's motion for a protective order does nothing more than identify grounds on which protective orders may be entered and insist that a protective order should therefore be issued here.

Conspicuously absent from the Government's motion is any articulation of the "clearly defined and serious injury" "shown with specificity" necessary for entry of a protective order. *United States v. Wecht*, 484 F.3d 194, 211 (3d Cir. 2007), *as amended* (July 2, 2007) (internal quotation marks and citation omitted). The Government contends that a protective order is necessary to safeguard "personally identifiable information about third parties," but makes no effort to elaborate on what that information consists of let alone explain how third parties are even implicated in this straightforward case.

While the Government has not identified the specific third party interests at stake, to the extent that the Government has a well-founded concern about the privacy of third parties, redactions—not a protective order—are the appropriate solution. There is no indication that redacting the limited discovery materials in this run of the mill case would be unduly burdensome for the Government. Indeed, redaction of personal identifying information is a practice routinely embraced by the Government in Rule 16 disclosure.

Significantly, even without a protective order, the defense is constrained with respect to disclosure of personal identifying information. The New York State Rules of Professional Conduct and the Federal Rules of Criminal Procedure preclude the defense from revealing an individual's identifying information.[1] "The Court need not issue an order to compel these lawyers to do that which they are already required to do under the rules." *United States v. Annabi*, No. 10 CR. 7 (CM), 2010 WL 1253221, at *1 (S.D.N.Y. Mar. 24, 2010).

Further, the Government has neglected to identify what specific "nonpublic" information is at risk of disclosure absent a protective order. Instead, the Government simply implies that there is presumptive good cause to safeguard certain law enforcement records—including body-worn camera footage, the express purpose of which is to make transparent the community's interactions with police—from public scrutiny. This position is untenable. Such a presumption would turn Rule 16 on its head and obviate the need for the Government to establish good cause for a protective order in any criminal case. Without more, the Government's conclusory declaration that a protective order is warranted here falls far short of the good cause showing required for a protective order. *See Smith*, 985 F. Supp. 2d at 523 (S.D.N.Y. 2013) ("Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not support a good cause showing.") (citing *Wecht*, 484 F.3d at 211).

---

[1] For instance, Federal Rule of Criminal Procedure 49.1 prevents the defense from disclosing an individual's social-security number, taxpayer-identification number, or birth date; names of minor children; financial account numbers; and home addresses. Further, Rule 4.4 of the New York State Rules of Professional Conduct states that "a lawyer shall not use means that have no substantial purpose other than to embarrass or harm a third person…."

Despite this, the Government requests that the Court enter a protective order that is "materially similar" to an order this Court entered in a different case. *See* Gov't Motion at 1. The fact that the Court saw fit to enter the Government's proposed order in a separate case with different facts does not automatically make such an order appropriate here. Each case must be analyzed on its own merits before a protective order is issued. As Judge Liman recently declared, "The fact that the Government may have convinced other District Judges, in other cases involving other facts, to sign protective orders similar or identical to its proposal does not mean this Judge in this case should adopt the Government's form." *United States v. Baker*, No. 20 Cr. 288 (LJL), Doc. 38 (S.D.N.Y. Aug. 10, 2020) (finding good cause did not exist for entry of the protective order proposed by the Government).

Indeed, courts in the District have begun to resist entering the boilerplate protective orders reflexively requested by the Government. In *United States v. Fowlkes*, No. 20 Cr. 309 (AJN), Doc. 31 (S.D.N.Y. Aug. 19, 2020), for instance, where the defendant is accused of placing fake 911 calls, the Government moved for a protective order. Doc. 23. The Government forwarded the conclusory argument that "[g]ood cause [ ] justifies the issuance of the Government's Proposed Protective Order to protect the confidentiality of law enforcement reports" which "detail[ ] the various internal investigatory steps taken by law enforcement." *Id.* Finding that the Government did not meet its burden of establishing good cause for a protective order, Judge Nathan declined to enter a protective order in the case.

Simply put, the Government has not established good cause for a protective order in this standard case. As Judge Gardephe has reflected, "as a judge over the past 12 years I don't recall ever having entered a protective order over a defense lawyer's objection. Indeed, I don't recall even signing many protective orders over the past 12 years in criminal cases, particularly in a routine case such as this." *U.S. v. Hoskins*, No. 20 Cr. 399 (PGG), Doc. 15 (S.D.N.Y. Aug. 28, 2020) (denying the Government's request for a blanket protective order in an unlawful possession of a firearm case).

### III. Conclusion

For the foregoing reasons, the defense respectfully requests that the Court decline to enter a protective order in this case.

---

To assist the Court in assessing the Government's asserted need for a protective order, Dkt. No. 8, and the defense's objection, Dkt. No. 12, the Court directs the Government to furnish the Court, by email to its chambers, the specific discovery material referenced in its September 15 letter at Dkt. No. 8, with the portions highlighted that the Government believes require such protection. These materials are due Tuesday, September 22, 2020.

SO ORDERED.

9/18/2020

*Paul A. Engelmayer*
_____
PAUL A. ENGELMAYER
United States District Judge

Respectfully submitted,

/s/
Marne L. Lenox
Assistant Federal Defender
(212) 417-8721

cc:   Assistant U.S. Attorney Samuel Rothschild

4